HOGE v. CANTON INS. OFFICE OF HONG KONG, Limited.

(Circuit Court, D. Washington, N. D.    August 3, 1900.)

**1. REMOVAL OF CAUSES—PETITION—ALLEGATION OF CITIZENSHIP.**
The absence of any allegation, in a petition for removal of a cause to the federal court, identifying the plaintiff with the person to whom the policy of insurance sued upon is made payable, is not fatal where the person named in the complaint and in the policy is so well known that the name alone is sufficient as a descriptio personæ of the plaintiff.

**2. SAME—ACTION BY ASSIGNEE OF CONTRACT.**
Where an action is brought in a state court upon a policy of insurance by one purporting to be the assignee of the party to whom the policy issued, but who the complaint shows was originally a principal party to the contract, and is the person to whom the defendant promised indemnity, so that the assignment was a useless formality, it is not necessary that a petition for removal of the cause to the circuit court of the United States show that the assignor of the cause of action sued upon is a citizen of a different state from that of the defendant.

**3. SAME—SEPARABLE CAUSES OF ACTION.**
Where a complaint in an action in a state court states four distinct causes of action agreeably to the rules of pleading in such state, and one of such causes of action is within the jurisdiction of the circuit court of the United States, the cause is removable to the latter court in its entirety, although the record fails to show that the remaining causes of action would have been within its jurisdiction if sued upon separately.

Action at law on four separate policies of marine insurance, commenced in the superior court of the state of Washington for King county, and removed into the United States circuit court. Heard on motion to remand.    Motion denied.

J. B. Howe, for plaintiff.

J. M. Ashton, for defendant.

HANFORD, District Judge.    There are four separate causes of action set forth in the complaint in this case, each of which is founded upon a marine policy insuring merchandise shipped from Seattle on the steamship Laurada, which was wrecked in Behring Sea.    Each of the policies upon its face purports to have been issued to S. G. Simpson for account of another person, to whom the loss, if any, should be paid; each of the policies is for an amount exceeding $2,000, and the complaint alleges that the merchandise in each case exceeded the sum of $2,000 in value, and was totally lost by a marine disaster insured against.    The complaint alleges that the policies were, before the commencement of this action, assigned to the plaintiff by S. G. Simpson and the several persons to whom the losses were payable.    Three were for the benefit of persons other than the plaintiff, and one was issued to S. G. Simpson for $2,750 "for account of James D. Hoge, Jr.," and makes the "loss, if any, payable in Seattle to James D. Hoge, Jr."    The complaint alleges that the right of action upon this policy was "assigned to the plaintiff by said S. G. Simpson and the said James D. Hoge, Jr.," and also alleges that the merchandise insured was owned by said James D. Hoge, Jr., and that he paid the premium for the insurance.    The case was removed into this court from the state court in which it was commenced on the

103 F.—33

ground of diverse citizenship of the parties, and the plaintiff has moved to remand for the reason that the petition for removal does not set forth the citizenship of the assignors of the several causes of action, and fails to show that this court would have had cognizance of either of the causes of action if no assignment thereof had been made.

Considering all the facts shown by the complaint as well as by the petition for removal, there appears to be nothing lacking in the way of a full and positive statement of every fact essential to the exercise of jurisdiction by this court except an allegation to identify the James D. Hoge, Jr., named in one of the policies as the same person who is the plaintiff in this action. The name, however, is sufficient as a descriptio personæ of the plaintiff. Without any other description or averment, the name in his complaint indicates a particular person well known in Seattle, and the name in the policy of insurance is equally effective. Any business man having to act with reference to the rights of the parties involved in this action would rightfully assume that the plaintiff is the identical James D. Hoge, Jr., for whose benefit the insurance was written, and I hold that the court may rightfully act upon the same assumption. 15 Am. & Eng. Enc. Law (2d Ed.) 918.

An assignee or transferee of a chose in action could not bring an action in a circuit court of the United States by original process to enforce a right of action acquired by an assignment or transfer thereof to him, unless the court would have had jurisdiction if no such assignment or transfer had been made; and a defendant, when sued in a state court upon an assigned or transferred cause of action, must, in order to remove such an action into a United States circuit court, show that the latter court would have had jurisdiction if the assignment or transfer had not been made. These several propositions being conceded, the failure of the defendant to show in its petition for removal that the assignors of the several causes of action sued upon were citizens of a state or states other than the state of which the defendant is a citizen would leave the record incomplete, and deprive this court of jurisdiction, if it were not for the showing made in the complaint that the assignment of the right of action upon the policy of insurance originally issued for the benefit of the plaintiff was a useless formality, and not effective to transfer any right of action. The complaint shows affirmatively that Simpson did not pay for the insurance, nor have any insurable interest in the merchandise, nor any right to assign the policy. He sustained no loss by destruction of the merchandise, and the defendant never became obligated to pay him anything for its loss. On the face of the policy he does not appear to be even nominally the owner of it as trustee or otherwise, and he never had any right of action upon the policy which he could assign or transfer to any one. The case, as stated on the face of the record, comes fairly within the rule of the decision of the supreme court in the case of Holmes v. Goldsmith, 147 U. S. 150, 164, 13 Sup. Ct. 288, 37 L. Ed. 118, in which case a promissory note was signed by the three defendants, which contained a promise to pay $10,000 to the order of one W. F. Owens, and was delivered by the

signers to the nominal payee for his accommodation and benefit. Owens then indorsed the note, and delivered it to the plaintiff in the action, and received the consideration for his own use. The supreme court held the transaction to be a loan by the plaintiff to Owens, and that the latter, although he was nominally the payee of the note, was in fact a maker; that while the note was in his hands he had no right to sue the defendants, who signed it for his accommodation, and, as it did not become a chose in action until it had been indorsed and delivered to the plaintiff, there was in fact no assignment or transfer of a right of action by the mere formality of indorsement and delivery by Owens, and the plaintiff therefore had a right to sue upon the note in a United States circuit court, as the original owner of it. In principle, the case at bar is exactly similar, for the plaintiff's right of action was not acquired from any person or persons who previously owned it. He was originally a principal party to the contract, as he owned the goods, paid the premium, and suffered the loss, and is the person whom the defendant promised to indemnify. He alone could be an assignor. But an assignment by the plaintiff to himself creates no new right; neither does it constitute a bar to the exercise of a right. As the complaint states one distinct cause of action, which is cognizable in this court, I hold that the case was properly removed into this court in its entirety, notwithstanding the fact that the record is incomplete to show that the other three causes of action would have been within its jurisdiction if sued upon separately. Under the Code of this state the plaintiff had the right to unite the four causes of action in one complaint, and to submit them all to adjudication in one action. But his right in this respect does not deprive the defendant of its right to remove the case into this court. Sharkey v. Mill Co. (C. C.) 92 Fed. 425. Motion denied.