LATHAM COMPANY v. J. M. RADFORD GROCERY COMPANY.

Decided March 20, 1909.

**Citation—Domestic Corporation.**

Where it appeared from the sheriff's return in a suit against a domestic corporation that the citation was served upon the manager of the corporation,

the service was not sufficient to support a judgment by default  The manager is not among the persons specified in the statutes as those upon whom service might be had in such suit.

Error from the County Court of Eastland County.  Tried below before Hon. E. A. Hill.

*Earl Conner,* for plaintiff in error.

*I. A. Patton, Jr.,* for defendant in error.—(No brief.)

CONNER, CHIEF JUSTICE.—On March 10, 1908, plaintiff in error suffered a judgment by default in favor of defendant in error upon a duly verified account for goods, wares and merchandise alleged to have been sold and delivered to plaintiff in error.  Defendant in error alleged in its petition that plaintiff in error was "a corporation, duly organized under the laws of the State of Texas, and doing business at Eastland in the County of Eastland in the State of Texas," and the prayer was "that defendant be cited to appear and answer this petition," without an allegation of the name of any person upon whom service of citation might be made.  The citation that was issued and upon which the judgment rests was in the usual form, commanding the proper officer to summon the "Latham Company, a corporation," to be and appear at the next term of the County Court to be held at Eastland, also without designation of person upon whom the citation might be served.  The following is the sheriff's return upon the citation, to wit: "Came to hand the 18th day of Feb., A. D. 1908, at 11 o'clock a. m., and executed the 18th day of Feb., A. D., 1908, at 3 o'clock p. m., by delivering to L. P. Cox, manager for Latham & Company, at Eastland, Texas, the within named defendant's manager, in person, a true copy of this writ."

It is contended that the service is insufficient to support the judgment by default, and we think the contention must be sustained.  So far as necessary to here notice, Revised Statutes, article 1222, provides that: "In suits against any incorporated company or joint stock association, the citation may be served on the president, secretary or treasurer of such company or association, or upon the local agent representing such company or association in the county in which suit is brought, or by leaving a copy of the same at the principal office of the company during office hours."  This article applies to domestic corporations, and as applicable here we approve what was said in the case of Thompkins Machine & Implement Co. v. Schmidt, 4 Texas Ct. of App., civil cases, section 134, viz.: "It can not be assumed or presumed that the 'manager' of said company was either president, secretary, treasurer or local agent of said company."  The term "local agent" implies a representative of a corporation appointed to transact its business and represent it in a particular locality.  It does not embrace the idea of an agent who casually happens to be in the particular territory, or one who is temporarily sent to such locality to perform some particular purpose or specified act, or to superintend the business in a general way; and while, under certain circumstances and

in a certain sense, the terms "general manager" and "local agent" may convey much the same idea, we conclude that they were not used in the statutes under consideration as synonymous. This is indicated by the next succeeding article to that from which we have quoted which applies to foreign corporations. The article referred to (1223) provides that: "In any suit against a foreign, private or public corporation, joint stock company or association or acting corporation or association, citation or other process may be served on the president, vice-president, secretary or treasurer, or general manager, or upon any local agent within this State," etc. The terms "general manager" and "local agent" not being equivalents, it must be held that the service in the case before us is insufficient to sustain the judgment by default, it having been repeatedly held that in order to support such a judgment the direction of the statute with reference to the citation must be followed. In such event only does it appear with certainty that the court obtained jurisdiction over the person of the party sued. Judgment reversed and cause remanded.

<em>Reversed and remanded.</em>