### MORRELL v. LALONDE et al.

(District Court, D. Rhode Island. February 25, 1921.)

#### No. 1466.

Removal of causes ⚭50—No separable controversy with defendant whose liability is as insurer of codefendant.

In an action for personal injury against the person charged with negligence causing the injury and his insurer under Pub. Laws, R. I. 1915, c. 1268, § 9, providing that an insurer against liability for personal injury shall be directly liable to the injured party, and that such party may join the insured and insurer in an action, and the judgment shall bind both, there is no separable controversy between plaintiff and the insurer which will authorize removal of the cause by the latter as a citizen of another state, where plaintiff and the other defendant are citizens of the same state; the liability of the insurer being incidental to and dependent on that of the insured.

At Law. Action by Mary L. Morrell against Alphonse J. Lalonde and the United States Fidelity & Guaranty Company. On motion of defendant corporation to dismiss. Motion denied, and cause remanded to state court.

Curran & Hart, of Providence, R. I., for plaintiff.
Huddy, Emerson & Moulton, of Providence, R. I., for defendants.

BROWN, District Judge. This action at law was begun in the state court, and was removed to this court by the United States Fidelity & Guaranty Company, a corporation organized under the laws of the state of Maryland, on the ground that the cause of action against the United States Fidelity & Guaranty Company is a separable contro-.

versy; the plaintiff and the defendant Lalonde being citizens of the same state. The company appears specially and moves that the action brought against it be dismissed.

The action was brought in the state court in accordance with section 9 of chapter 1268, Public Laws of Rhode Island, January Session, 1915, as follows:

"Sec. 9. Every policy hereafter written insuring against liability for personal injuries, other than payment of compensation under this act, shall contain provisions to the effect that the insurer shall be directly liable to the injured party, and, in the event of his death, to the party entitled to sue therefor, to pay him the amount of damages for which such insured is liable. Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, may join the insurer as a defendant, in which case judgment shall bind either or both the insured and the insurer; or said injured party, or, in the event of his death, the party entitled to sue therefor, after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer. Provided, however, that payment in whole or in part of such liability by either the insured or the insurer shall, to the extent thereof, be a bar to recovery against the other of the amount so paid; and provided, further, that in no case shall the insurer be liable for damages beyond the amount of the face of the policy."

This act has been considered by the Supreme Court of Rhode Island in Dillon v. Mark et al., 110 Atl. 611, in which it was held that section 9 was not restricted to workmen's compensation cases, but was for the protection of persons who sustain personal injuries for which those who are liable have insured themselves against liability. It was said:

"No distinction is made in the act between domestic and foreign insurance companies; both, if they choose to do business in this state, must conform to the law, and are only authorized to issue policies in accordance with the law and subject to the provisions thereof."

Accepting this construction of the statute by the Supreme Court of Rhode Island, the first question which presents itself is whether the record shows a separable controversy between the plaintiff and the defendant company; "a controversy which is wholly between citizens of different states, and which can be fully determined as between them."

It is urged that the cause of action against the defendant Lalonde sounds in tort, while the alleged cause of action against the defendant company sounds in contract. It is true that the defendant company is not charged as a tort-feasor, either joint or several; but it is charged with liability on two grounds: first, on the ground that the defendant Lalonde was guilty of negligence, to the plaintiff's damage; and, second, that under the statute, and the policy issued subject to its provisions, there is a statutory liability of the defendant to pay to the plaintiff, instead of to the insured.

The theory of the statute seems to be to subrogate the plaintiff, or person suffering personal injuries, to the rights of the insured defendant against the insurer. The statute expressly provides that the injured party may proceed in either of two ways: He may join the insurer as a defendant, or he may obtain judgment against the in-

sured alone, and proceed on said judgment in a separate action against the insurer. It is obvious that the insurance company cannot be held liable solely upon the ground that it has insured the defendant; it must further appear that the defendant in tort has become liable to the plaintiff in respect to a matter for which he is insured.

Looking at the alleged cause of action against the insurance company as a whole, it is evident that the liability of the insurance company to pay money to the plaintiff cannot be established, unless there is also established the liability of the tort defendant to pay damages to one who has suffered personal injuries.

The provision that in the suit against the insured the insurer may be joined, in which case judgment shall bind either or both the insured and the insurer, seems to be framed to enable the plaintiff in a single action to obtain a judgment as to the primary liability of the tort defendant that shall be binding upon both insured and insurer, and also to establish a statutory right to the insurance money. In cases where, under the provisions of the policy, the insurance company assumes the defense of the action against the tort defendant for its own protection, a judgment against the tort-feasor, on familiar principles, would bind both as to the primary question of the liability of the insured. In cases where the insurance company does not assume the defense, either in the exercise of a right given by the policy or upon being notified by the defendant to intervene in its own interest as indemnitor, the statute gives to the plaintiff a right to join the defendant, and makes it a condition of the right of the insurance company to do business in the state that the policy shall be subject to this statutory right of the plaintiff.

This is a statutory right of the plaintiff to be subrogated to the rights of the insured against the insurance company. Both parties to the insurance policy made their contract subject to the provisions of the statute of Rhode Island, which in effect requires that the insurer shall pay directly to him who was injured, instead of to him who has caused the injury. It thus provides against the possibility that the payment to the insured may not result in payment to the person injured, and gives to the person injured a right superior to that of the general creditors of the tort-feasor to the proceeds of the policy.

Similar questions of the relation of parties were considered in Merchants' Cotton Press & Storage Co. v. Insurance Co. of North America, 151 U. S. 368, 379, 381–383, 14 Sup. Ct. 367, 38 L. Ed. 195. It may be said, as is suggested by that case, that under the statute the insurance company occupies substantially the position of a garnishee, and that its indebtedness upon its policy may be reached and held subject to such final judgment as plaintiff might obtain against the insured tort-feasor, and that the insurance company has no separable controversy, in the sense of the Judiciary Act which entitles it to remove the cause from the state court to the United States court. Should the plaintiff fail to establish liability against the tort defendant, no controversy would remain as to the insurance company, as the plaintiff has no right of action against the insurance company, except as incidental to her litigation with the tort defendant.

The substance of the matter is that the liability of the insurance company to pay to the plaintiff must be worked out in favor of the plaintiff through the direct liability of the insured. I am unable to read the statute as permitting a direct suit against the insurance company alone, without joinder of the insured, until after judgment against the insured. If the statute seeks to convert an agreement to indemnify against liability of a certain person into a direct obligation to pay damages, it might result that the absence of the tort-feasor would deprive the insurance company of the ability to defend, and expose it to the danger of paying damages for which judgment could not be obtained against the insured. The statute may reasonably be regarded as designed to give to a plaintiff incidental relief against an indemnitor; to extend it farther would be to disregard the substantial rights of the insurer and the nature of its agreement with the insured. In Torrence v. Shedd, 144 U. S. 527, 530, 12 Sup. Ct. 726, 727 (36 L. Ed. 528), it was said:

"But in order to justify such removal, on the ground of a separate controversy between citizens of different States, there must, by the very terms of the statute, be a controversy 'which can be fully determined as between them'; and by the settled construction of this section the whole subject matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit. Hyde v. Ruble, 104 U. S. 407; Corbin v. Van Brunt, 105 U. S. 576; Fraser v. Jennison, 106 U. S. 191; Winchester v. Loud, 108 U. S. 130; Shainwald v. Lewis, 108 U. S. 158; Ayres v. Wiswall, 112 U. S. 187; Fidelity Ins. Co. v. Huntington, 117 U. S. 280; Graves v. Corbin, 132 U. S. 571; Brown v. Trousdale, 138 U. S. 389."

As the liability of the insurance company to the plaintiff must always be incidental to its liability to the tort-feasor, it is obvious that the controversy between the plaintiff and the insurance company as to its liability to pay directly to the plaintiff cannot be fully determined until there is also determined the primary controversy between the plaintiff and the insured.

I am of the opinion that it now appears that the removed suit does not really and substantially involve a suit or controversy properly within the jurisdiction of this court, and that, although no motion has been made to remand, it is the duty of this court to deny the action to dismiss, and to remand the case to the state court, with costs to the plaintiff.

A draft order may be presented accordingly.