## MINAR v. SHEEHY.

(Court of Appeals of District of Columbia. Submitted March 1, 1926. Decided May 3, 1926.)

No. 4336.

1. Action ⚖➡48(1)—Count in broker's action seeking damages for defendant's misrepresentation and breach of contract held not to improperly join causes of action ex delicto and ex contractu.

Count alleging that defendant represented that she was authorized to sell premises and employed plaintiff to procure purchaser, which plaintiff did, and that defendant made written contract for sale of property, but had wrongfully misrepresented facts, and was not duly authorized agent of owners, and failed and refused to carry out contract, held not to improperly join causes of action ex delicto and ex contractu in same count.

2. Action ⚖➡48(1)—Real estate broker's action for commission and for damages for selling agent's misrepresentation of authority held not an improper joinder of causes of action ex delicto and ex contractu (Code of Laws 1924, § 1532).

Real estate broker's action for commission and for damages on account of defendant's misrepresentation and breach of implied warranty that she was an agent duly authorized to sell property held not an improper joinder of causes of action ex contractu and ex delicto, in view of Code of Laws 1924, § 1532.

In Error to Municipal Court of District of Columbia.

Action by Ruby Lee Minar against Edna J. Sheehy. Judgment on demurrer for defendant, and plaintiff brings error. Reversed and remanded.

G. P. McGlue and Leon Pretzfelder, both of Washington, D. C., for plaintiff in error.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

BLAND, Acting Associate Justice. This is an appeal from a judgment of the municipal court of the District of Columbia, sustaining a demurrer filed by defendant in error to amended declaration filed by plaintiff in error. Plaintiff assigns as reversible error the ruling of the trial judge in sustaining defendant's demurrer to the amended declaration, which was in four counts.

The first count alleges in substance that plaintiff is a real estate broker, and that defendant requested plaintiff to procure a purchaser for certain real estate, and agreed to pay the usual commission on the purchase price; that plaintiff procured such purchaser, and that defendant failed to consummate the sale; that plaintiff claimed the amount of commission due her, which defendant had contracted to pay, to wit, $505.

The second count alleges that defendant represented that she was duly authorized and empowered, as attorney for the owners, to make a contract for the sale of said premises, and promised that, if the plaintiff obtained a purchaser for the same, the defendant would pay the usual commission on the purchase price; that the plaintiff did obtain such purchaser, and the defendant entered into a contract in writing for the sale of said property,

but that the defendant wrongfully misrepresented the facts to the plaintiff, and was not the duly authorized and empowered agent of the owners, and was not empowered to enter into a contract to sell said property, and failed and refused to carry out the terms of the contract, and that by reason of the misrepresentations made by the defendant, and the breach of the express and implied warranty of authority on her part, the plaintiff had been damaged in the amount of the usual commission, being the sum of $505, which amount plaintiff claims.

The third count is to the effect that the defendant represented that she was the duly and lawfully authorized agent to negotiate the sale of the said premises, and promised plaintiff that, if she obtained a purchaser for same, the defendant would pay the usual commission; that the plaintiff obtained such a purchaser; that the defendant signed a contract for the sale of said property, same being signed as attorney for owner, and the defendant at the same time being a part owner of said property; that the defendant failed to consummate the sale, and refused to pay the plaintiff the commission which she had contracted to pay, and plaintiff claims the amount due, being the sum of $505.

In the fourth count the plaintiff alleges that defendant represented that she was duly authorized to negotiate the sale of said premises; that she promised the plaintiff that, if she would obtain a purchaser for same, she would pay the usual commission; that plaintiff did obtain such a purchaser, and the defendant entered into a written contract for the sale of said property, in which said contract the defendant obligated herself personally to pay the commission; that the defendant failed to consummate the deal, and that there became due to the plaintiff the sum of $505, which the defendant had personally agreed to pay.

Five grounds for demurrer to the declaration were set out in the court below as follows:

"(1) It is apparent upon the face of the declaration that the counts contained therein are, as a matter of law, inconsistent, incongruous, and repugnant.

"(2) It is apparent upon the face of the declaration and the affidavit in support of same that the alleged cause of action is brought against the defendant improperly and contrary to law.

"(3) It is apparent upon the face of the declaration and the affidavit in support of same that the alleged cause of action is in-

sufficient as a matter of law as against the defendant.

"(4) It is apparent upon the face of the declaration and the affidavit in support of same that the plaintiff according to law and in the manner and form in which said declaration is drawn does not set forth a cause of action against the defendant.

"(5) It is apparent upon the face of the declaration that a cause of action ex delicto and ex contractu in the same count is combined as a matter of law."

No brief for appellee is filed, nor did she appear for oral argument in this court. The record is silent as to the specific and definite defects which appellee and the trial court below had in mind, except that suggested by the fifth item in the demurrer, which is to the effect that a cause of action ex delicto and ex contractu is combined in the same count. The grounds for demurrer are all very general in their character, except the last. If they point out any fatal defect in either of the counts, or in the declaration as a whole, we fail to note it.

[1] Appellant has devoted considerable space in her brief to the last grounds of the demurrer, which is to the effect that a cause of action ex delicto and ex contractu is combined in the same count. It is not pointed out which count or counts are referred to. Appellant, under this head, discusses no other count but count 2, and cites, in support of her contention that the count is good, Oliver v. Morawetz, 97 Wis. 332, 72 N. W. 877, Downs v. Bankhead, 44 App. D. C. 101, Magruder v. Belt, 12 App. D. C. 151, and Metcalf v. Williams, 104 U. S. 93, 26 L. Ed. 665. An examination of this count does not show the combination of two causes of action. An examination of the other counts bring us to the same conclusion.

[2] Possibly some other grounds for demurrer (probably No. 1) is supposed to attack the declaration as a whole, upon the theory that an action ex delicto in one count cannot be joined with an action ex contractu in another count. If this is the contention, the demurrer very poorly presented the question to the court below, and the issue is not very well defined in this court.

Section 1532 of the Code of Law for the District of Columbia reads as follows: "Sec. 1532. *Joinder of Claims.*—The plaintiff may join in his declaration in debt, in separate counts, different claims for liquidated amounts due him, whether founded on judgment, specialty, or simple contract, and also claims for unliquidated damages for breach of contract, whether growing out of spe-

cialties or simple contract. He may also join in his declaration in trespass, in separate counts, different claims for damages for torts, whether committed with force or not. He shall *also* be allowed to join in the same declaration counts sounding in tort and counts sounding in contract *when they relate to the same transaction, but not otherwise.*"

In view of the above provision of the Code, we see no objection to the declaration on this ground. Minton v. F. G. Smith Piano Co., 36 App. D. C. 137, 33 L. R. A. (N. S.) 305. .

The court below erred in sustaining the demurrer to each count of the amended declaration, and its judgment is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

Reversed.