## LYNCH v. SPRINGFIELD FIRE & MARINE INS. CO. et al.

(District Court, E. D. New York.   October 19, 1926.)

No. 2918.

1. **Parties** ⟨⟩25.

Plaintiff may join all persons as defendants against whom right to any relief is alleged to exist, but each defendant need not be interested as to all relief prayed for, in view of Civil Practice Act N. Y. §§ 211, 212.

2. **Courts** ⟨⟩365.

Federal court will not attempt to go behind decision of highest state court as to what constitutes joint liability of defendants as regards suit on fire policies.

3. **Insurance** ⟨⟩624(7)—Liability of insurance companies in action on fire policies held not joint, though common questions were involved (Civil Practice Act N. Y. §§ 211, 212).

Liability of insurance companies in action on fire policies *held* not joint, though common questions were involved with reference to fire, value of merchandise, and construction of policies, and they could be joined as defendants, in view of Civil Practice Act N. Y. §§ 211, 212.

4. **Removal of causes** ⟨⟩60.

If one of defendant insurance companies was citizen of different state than either plaintiff or her assignor, separable controversy existed as to such defendant, entitling it to removal of entire suit.

At Law.   Action by Helen M. Lynch against the Springfield Fire & Marine Insurance Company and others.   On motion to remand to the state court.   Motion denied.

Graham, McMahon, Buell & Knox, of New York City, for plaintiff.

Leo Levy, of New York City, for defendants.

CAMPBELL, District Judge.   This is a motion to remand the above-entitled action to the Supreme Court, Queens County.   The plaintiff is the assignee of the assured under certain fire insurance policies, seven insuring buildings, and all of them the contents thereof, located at Newark, N. J.   The policies are all of the standard New Jersey form, containing the 90 per cent. coinsurance clause, and giving the insured the privilege of effecting other insurance.

[1] There are 13 companies which are made defendants, and although, under the provisions of sections 211 and 212 of the New York Civil Practice Act, plaintiff was given the right to join all persons as defendants against whom the right to any relief is alleged to exist, whether jointly, severally, or in the alternative, it was not necessary that each defendant so joined should be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him.

In the action at bar each is sued on its own policy, and separate amounts are demanded as judgment against each of the defendants. Before the adoption of the Civil Practice Act the plaintiff would have been required to sue each of the defendants separately for its alleged proportion of the loss, without the presence of the other defendants.

[2] Plaintiff is right, that the federal court will not attempt to go behind the decision of the highest court of the state as to what constitutes joint liability (Chicago, Rock Island & Pacific Railway Co. v. Schwyhart, 227 U. S. 184, 193, 33 S. Ct. 250, 57 L. Ed. 473); but there is no joint liability on the part of the defendants in the action at bar under the state law, nor are they alleged to be jointly liable in the complaint in the action at bar.

[3] The fact that common questions may be involved both as to law and fact with reference to the fire, value of the merchandise alleged to have been injured or destroyed, and the construction of the policies, does not create a joint liability, nor is Bossak v. National Surety Co., 205 App. Div. 707, 200 N. Y. S. 148, cited by the plaintiff, authority for that contention.

The fact that for convenience and in the interest of economy the defendant companies might, under such section of the New York Civil Practice Act, be joined as defendants, although the relief be alleged to exist severally, does not create a joint liability on the part of the defendants.

[4] If the defendant Springfield Fire & Marine Insurance Company, a citizen and resident of Boston, and neither a citizen nor resident of New York or New Jersey, whether the citizenship of the plaintiff for the purpose of this motion be considered as her own or her assignor's, has a separable controversy with the plaintiff, then it is entitled to the removal of the entire suit.   Barney v. Latham, 103 U. S. 205, 212, 26 L. Ed. 514.   The last cited case was decided under the act of 1875, but the act of 1888 and the present Judicial Code made no change in this respect.   Hoge v. Canton Ins. Office (C. C.) 103 F. 513.

The very question here presented was argued at great length before Mr. Justice Dunne in the state court, and I agree with him that a separable controversy exists as to the defendant Springfield Fire & Marine Insurance Company, and that it was entitled to a removal, not only as to itself, but as to the entire action.   Atlantic & V. Fertilizing Co. v. Carter (C. C.) 88 F. 707.

The motion to remand is denied.