## LITTLE SIX OIL CO. v. NOBLE et al.

(Circuit Court of Appeals, Fifth Circuit. February 28, 1927.)

No. 4776.

Removal of causes ⬌49(2), 58—Cause held separable and removable by nonresident defendant, but removal held not to carry case against his codefendant.

Where one of two defendants was a nonresident and the other a corporation of the state of which complainant was a citizen, and there was no contractual relation between the latter and complainant, but its liability, if any, was secondary and contingent, growing out of an agreement with its codefendant to assume his liability under a contract with complainant, there was no joint liability, and the cause was removable by the nonresident defendant, between whom and complainant there was a separable controversy; but such removal did not carry the case against the resident defendant.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Suit in equity by the Little Six Oil Company against C. O. Noble and the Humble Oil & Refining Company. Decree for defendants and complainant appeals. Modified and affirmed.

Geo. R. Holland and Oswald S. Parker, both of Beaumont, Tex., for appellant.

W. D. Gordon, of Beaumont, Tex., G. P. Dougherty, of Houston, Tex., and Leland H. Moss, of Lake Charles, La. (John C. Townes, Jr., of Houston, Tex., and Chas. A. McCoy, of Lake Charles, La., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The Little Six Oil Company, a citizen of Texas, brought this suit in the state court against the Humble Oil & Refining Company, also a citizen of Texas, and C. O. Noble, a citizen of Louisiana. The petition contains allegations to the effect that the plaintiff and Noble became the joint owners of an oil and gas lease of 45 acres of land, subject to an overriding royalty of 1 per cent. reserved by Sloan A. Emerson and subsequently conveyed by him to his wife, Marie T. Emerson; that plaintiff assigned to Noble all its interest in the north half, and Noble in turn assigned to plaintiff all his interest in the south half, of the lease; that, after the partition, Noble conveyed his interest to his codefendant, the Humble Company, and it has since been producing oil from the north half of the lease, and plaintiff conveyed a portion of its interest to other parties, who have since been producing oil from the south half of the lease; and that plaintiff had paid $15,000 in royalties to Mrs. Emerson, and will be compelled in the future to pay her 1 per cent. royalty on all the oil produced from the south half of the leased premises. It is then alleged, by way of conclusion, that the defendants are liable to plaintiff for the Emerson royalty, although that royalty is legally chargeable against plaintiff's interest in the south half of the lease. The petition prays for judgment for the $15,000 already paid out by plaintiff in royalties to Mrs. Emerson, and for a lien on the oil to be produced in the future on the north half of the lease.

On Noble's petition, setting out that a separable controversy existed between citizens of different states, the suit was removed to the federal court, and a motion by plaintiff to remand was denied. The case was submitted to the District Judge upon an agreed statement of facts, from which it appears that the averments of fact contained in the petition were substantially true. However, it further appears from the agreed statement that Emerson's conveyance to Noble, in which the overriding royalty of 1 per cent. was reserved, was recorded prior to the partition of the property between plaintiff and Noble; that the Humble Company in its lease assumed Noble's obligations under his partition agreement with plaintiff; and that the parties producing oil on plaintiff's lease should be entitled to deduct from payments to plaintiff thereunder the Emerson royalty, if the claim to it should be established.

At the final hearing a common-law judgment was entered up to the effect that plain-

tiff take nothing by its suit and that defendants go hence without day. Plaintiff brings the case here for review by appeal.

If the appeal be treated as a writ of error, the question of removal would be the only one open for consideration, as no exception was taken to any ruling during the progress of the trial. In view of the prayer that a lien be declared to secure future payments of the Emerson royalty, we have decided to treat the petition as a bill in equity. The assignments of error are that the trial court erred in refusing to remand the case, and that the Emerson royalty constitutes a lien on the interests of defendants in the north half of the property.

We think the motion to remand was properly denied, for the reason that Noble, the nonresident defendant, was shown by the petition to have a separable controversy with the plaintiff. Whether he was personally bound to pay Emerson's royalty depended on the partition agreement which he entered into with plaintiff. The Humble Company entered into no contract with plaintiff. There was no averment of fact which disclosed a claim of joint liability. The fact that the Humble Company assumed any obligation that Noble might be under to plaintiff did not create a joint liability because of any action that might be taken against it on behalf of plaintiff. Noble's liability was primary. That of the Humble Company was secondary and contingent. and inured only to Noble. However, the case was properly removed only as to Noble, and does not affect plaintiff's right to proceed in the state court against the Humble Company.

This same plaintiff brought suit to cancel the deed from Emerson to his wife, which conveyed the royalty interest in question, and was unsuccessful. Emerson v. Little Six Oil Co. (C. C. A.) 3 F.(2d) 265. The opinion in that case gives the detailed facts which entitled Emerson to his interest. There is nothing in the petition or in the agreed statement of facts which tends in the slightest degree to show that Noble bound himself personally to pay the Emerson royalty on the south half of the lease which he assigned to plaintiff. Plaintiff had both constructive and actual notice of the existence of Emerson's reservation of royalty in his conveyance to Noble, and undertook to protect itself, so far as was possible, in its lease under which oil is now being produced. Under the partition agreement, plaintiff and Noble each took an assignment of his interest, burdened with the Emerson royalty to the full extent that it was burdened with the royalty reserved by the original owner and lessor of the entire tract of land.

The judgment or decree is modified, by dismissing the petition as to Noble, and by remanding the cause as to the Humble Company to the state court, and, as so modified, it is affirmed.