## CENTERVILLE STATE BANK v. NATIONAL SURETY CO. et al.

Circuit Court of Appeals, Tenth Circuit. December 31, 1929.

No. 87.

John A. Hall, of Pleasanton, Kan. (A. M. Kent, of Pleasanton, Kan., on the brief), for appellant.

Henry L. Jost, of Kansas City, Mo. (Sebree, Jost & Sebree, of Kansas City, Mo., on the brief), for appellee National Surety Company.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

LEWIS, Circuit Judge. This is an action on a bond given to appellant bank wherein the National Surety Company bound itself "to make good within sixty (60) days after receipt of proof satisfactory to it, any loss not exceeding ten thousand dollars ($10,-

000.00) which Centerville State Bank, employer, may sustain by reason of any act of larceny or embezzlement of Lester Cleveland Brownback, employee, as president in the employer's service, committed after the 1st day of June, 1919, and before the termination of this bond," etc. The bond described the National Surety Company as surety and provided that it should be void, "unless it be duly executed by the employee." It was executed by Brownback and the Surety Company. The bank is a Kansas corporation. In its complaint it made the Surety Company, a New York corporation, Brownback and George F. Porter, trustee for Brownback, defendants. Brownback and Porter, his trustee, are residents of Kansas, Porter being a citizen of that State, but Brownback was for the time civilly dead, being an inmate of the Kansas penitentiary because of his conviction of a crime. The facts stated appear in the complaint. It is further alleged that because of acts of larceny and embezzlement of the bank's property in an amount of $4,095.-30 by Brownback there was default in the obligation stated in the bond and judgment was sought for that amount against all three of the defendants. Brownback was not suable under the Kansas statute, but his trustee was. Sections 62—2002 et seq., Rev. Stat. of Kan. 1923, provide for the appointment of a trustee of the estate of persons imprisoned for less than life, as was Brownback; that said trustee shall take an oath of office, give bond with surety to manage and administer the estate and effects of the convict; that the estate of the convict shall vest in the trustee in trust for the benefit of creditors and others interested therein, and that such trustee may sue for and recover in his own name any of the estate, property and effects belonging to and all debts and sums of money due or to become due to such imprisoned convict, and may prosecute and defend all actions commenced by or against such convict. See Board of Com'rs of County of Rice v. Lawrence, 29 Kan. 113. The action was instituted in the State district court for Linn County, Kansas, and was removed on petition of the Surety Company to the court below, on the ground of a separate and divisible controversy existing between the plaintiff and said Surety Company. Plaintiff moved to remand the case to the State court. Its motion was overruled, and after trial and judgment in favor of the Surety Company it brings the case here.

We think the court erred in taking jurisdiction. Under the rule in Kansas an action may be maintained against two or more on a joint obligation, although the obligees may be severally and separately liable. Rev. Stat. Kan. 1923, § 60—414; Furst v. Buss, 104 Kan. 245, 178 P. 411. The principle is settled that a Federal court cannot deny a plaintiff the right to sue defendants on their joint obligation, although they may be severally liable also; and when so sued there is no right of removal. It is the plaintiff's right to elect which obligation, joint or several, he will rely upon. Louisville & Nashville R. R. Co. v. Ide, 114 U. S. 52, 5 S. Ct. 735, 29 L. Ed. 63; Mutual Reserve Fund Life Ass'n v. Farmer (C. C. A.) 77 F. 929; Regis v. United Drug Co. (C. C.) 180 F. 201; Kraus v. Chicago, B. & Q. R. R. Co. et al. (C. C. A.) 16 F.(2d) 79.

There was no claim or proof of fraudulent joinder for the purpose of preventing removal. The judgment is reversed with directions to vacate it and remand the case to the State court.