## STEWART et al. v. NEBRASKA TIRE & RUBBER CO.

### No. 8672.

Circuit Court of Appeals, Eighth Circuit.

Feb. 27, 1930.

Robert M. Witwer, of Mason City, Iowa (W. C. Shepard, of Allison, Iowa, and John A. Senneff, William L. Bliss, and John A. Senneff, Jr., all of Mason City, Iowa, on the brief), for appellants.

David A. Fitch, of Omaha, Neb. (Norris Brown and Ralph M. West, both of Omaha, Neb., on the brief), for appellee.

Before STONE and GARDNER, Circuit Judges, and MILLER, District Judge.

MILLER, District Judge.

This case comes here on two assignments of error:

1. That the lower court erred in refusing to grant the motion of the appellant to remand this case to the district court of Butler county, Iowa.

2. That the lower court erred in sustaining the motion of the appellee to quash, set aside, and annul the service of the original notice on the appellee.

#### Pleadings.

On March 21, 1921, appellee, at Omaha, Neb., executed and delivered to one Lewis A. Heisler its certain promissory note for the sum of $8,477, payable at the Beaver Valley State Bank of Parkersburg, Iowa; that on the same date said Lewis A. Heisler indorsed, negotiated, and transferred said note to said bank. Thereafter the appellant herein became trustee of said bank, and plaintiff in this suit originally brought in the district court of Butler county, Iowa, against the maker and appellee herein and the said Lewis A. Heisler.

The grounds for removal were: (1) That in said suit a controversy existed which was wholly between citizens of different states, viz., the appellant, plaintiff below, and the Beaver Valley State Bank of Parkersburg, Iowa, of which he was trustee, were at all times citizens and residents of the state of Iowa, and that the appellee herein was at all times a citizen and resident of the state of Nebraska; (2) that the controversy between said appellee and appellant herein is wholly independent and separable from the controversy between the appellant and Lewis A. Heisler, codefendant in the state court.

The motion to quash the service is predicated upon the grounds that appellee had never sought or received any permit to do business in the state of Iowa, never had any place of business therein or any agent authorized to act for it in the transaction of any business in said state, and never had done or transacted any business therein; that it was at all times a corporation, resident, and citizen of the state of Nebraska, with its principal office and place of business in the city of Omaha; that its officers on whom such pretended service of said original notice was had at Council Bluffs, Iowa, were not at the time of said service transacting any business on behalf of appellee in the state of Iowa, but were in fact fraudulently enticed and inveigled to come from Omaha, Neb., to Council Bluffs, Iowa, on the invitation of one Malloney to dine with him, when the real purpose was to furnish an opportunity to serve appellee with said original notice in this suit, and that therefore such pretended service of said original notice on its officers was fraudulent and void.

On the motion to remand, appellant's theory is that because of the Nebraska statute, in force at the time of the bringing of this suit, which provides, "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may, all or any of them, be included in the same action, at the option of the plaintiff" (Comp. St. 1922, § 8544), and the Iowa statute, in force at the time, providing, "Where two or more persons are bound by contract or by judgment, decree, or statute, whether jointly only, or jointly and severally, or severally only, including the parties to negotiable paper, common orders, and checks, and sureties on the same or separate instruments, or by any liability growing out of the same, the action thereon may, at the plaintiff's option, be brought against any or all of them * * *" (Code 1927, § 10975), the matter in controversy is a single debt for which both the appellee and Lewis A. Heisler are equally liable, and therefore not separable.

Appellant concedes that under the common law, and except for the statutes quoted, the obligations of the obligors are several, not joint; also, that the requisite jurisdictional amount in controversy and diversity of citizenship as between the appellant and the appellee existed. Except then for the statutes quoted this case was plainly removable.

Appellant's argument is that the laws of Nebraska, where the contract was made, and

the laws of Iowa, where it is to be performed, are as much a part of the note in suit as if actually incorporated therein; that because said statutes authorize the appellant to enforce the same by a joint action against all parties obligor thereon, the legal effect is that each obligor has promised and agreed with appellant that the note might be so enforced, and therefore is bound to the appellant for that right; that such right so promised is a valuable, material, and vested right, making all obligors liable for the payment of one debt and bound to appellant for the right of joint action for the enforcement thereof. Therefore no separable controversy exists.

Appellee answers that the quoted statutes are procedural only, prescribing the practice in the enacting states but not intended to make changes in substantive law; that as construed by appellant such statutes would be unconstitutional, null and void.

■ Appellant in both oral argument and in his brief filed has presented his theory with ability and clarity, but we cannot agree with his conclusions either by a priori reasoning or from the adjudicated authorities. We do not construe the quoted statutes to do more than express the policy of the enacting states to permit the holder of several causes of action, enumerated in the statute, to avoid a multiplicity of suits by joining such causes of action in a single suit. The statutes are void of language indicating an intent to make obligations, theretofore several, joint. That the appellant herein cannot by availing himself of the statutory provisions to join several causes of action estop the appellee, liable solely upon its independent contract, from removing the action as regards it to the federal court, other conditions precedent to such removal being present, is we think well settled by the authorities. See Manufacturers' Commercial Co. v. Brown Alaska Co. et al. (C. C.) 148 F. 308, 310, wherein it is said: "The contract of the maker of the notes involved herein, and his liability thereon, is quite independent of the several contracts of the indorsers, and the contracts and liability of the indorsers are alike distinct one from the other; but it is the policy of the state of New York to permit the holder to avoid a multiplicity of actions by joining causes of action of such a nature in a single action. There is no joint cause of action against two or more of the parties as regards any contract existing by reason of the note or the endorsements thereon. Causes of action and parties severally liable thereon are joined, but the liability is, as regards the basis thereof, separate. The holder does not charge joint, or joint and several, liability, but distinct liability on entirely separate contracts. The cause of action does not become joint, or joint and several, from the mere fact that the plaintiff elects to avail itself of the statutory permission and unite parties in the same action. The plaintiff cannot by such procedure make joint, or joint and several, what is necessarily several in its essential nature; nor can the plaintiff, by availing itself of the statutory provision, estop any defendant, liable solely upon its independent contract, from removing the action as regards such defendant to the federal court, if the other conditions precedent to such removal be present." For other cases holding that the state is without power to deprive a nonresident of the right of removing his action to the federal court if the conditions precedent to such right of removal are present, see Ferry v. John R. Wiggins Co. (D. C.) 287 F. 421; Madisonville Traction Co. v. Mining Co., 196 U. S. 239, 25 S. Ct. 251, 49 L. Ed. 462; Terral v. Burke Const. Co., 257 U. S. 529, 42 S. Ct. 188, 66 L. Ed. 352, 21 A. L. R. 186; Kansas City v. Metropolitan Water Co. (C. C.) 164 F. 728. There was no error in overruling the motion to remand.

It is next contended that the lower court erred in quashing the service of the original notice. On this question issue was taken upon the objections filed by the appellee and was tried to the court upon the testimony taken by the respective parties in support of and opposition to the motion, from which it appears that the lower court found the facts to be with respect to that issue in favor of the appellee herein. See Stewart v. Heisler (D. C.) 32 F.(2d) 520.

■ In view of the fact that the appellant does not question the correctness of the facts as found by the lower court, but only challenges its conclusions of law deduced therefrom, it would only serve to unnecessarily extend this opinion to include herein the numerous findings. Suffice to say that on such substantially undisputed facts we are satisfied that the learned lower court correctly held that the appellee was not transacting business in the state of Iowa, and therefore the attempted service was null and void. For authorities, see opinion of lower court in Stewart v. Heisler, supra; also Philadelphia & Reading R. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710; Green v. Chicago, B. & Q. R. Co., 205

312

U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916; Tyler Co. v. Ludlow-Saylor Wire Co., 236 U. S. 723, 35 S. Ct. 458, 59 L. Ed. 808; Toledo Rys. & L. Co. v. Hill, 244 U. S. 49, 37 S. Ct. 591, 61 L. Ed. 982; People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Bank of America v. Whitney Central Bank, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594; Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634.

It is urged that the appellee waived its right to question the jurisdiction of the district court of Iowa because it entered a general appearance therein. This is not assigned as error. It was not brought to the attention of the lower court and was made no part of the showing either on motion to remand or motion to quash. The contention is dependent upon proof of a fact, and such proof, before the matter could be presented here, must have been presented to and passed upon by the lower court. The question is therefore not reviewable.

For reasons above stated, this case must be affirmed, and it is so ordered.