**LAKE et al. v. TEXAS NEWS CO. et al.**

No. 1075.

District Court, S. D. Texas, Galveston Division.
July 20, 1931.

Rehearing Denied Sept. 18, 1931.

Hart & Stiglich, of Galveston, Tex., for plaintiffs.

King, Battaile & Dutton, of Houston, Tex., for defendants.

HUTCHESON, Circuit Judge.

Plaintiffs filed this suit in the district court of Galveston county, Tex., against the Texas News Company, Inc. By amendment, plaintiffs joined the Home Indemnity Company, alleging that that company had by an insurance contract with the Texas News Company, its insured, obligated itself to pay to . persons injured by the negligence of that company all damages which they might sustain, and that it would satisfy and discharge any judgment rendered against the insured because of such injuries.

Upon this amended petition, which recited that John Suggs was the general agent, process issued to Dallas county, Tex., and the sheriff returned it, reciting that he had executed it by delivering to the Home Indemnity Company by delivering to Ben Harrison, its agent, in person.

The defendant Home Indemnity Company did not make answer to the term of court to which this citation was returnable, but later appearing, as it claimed, voluntarily filed its petition and bond for removal, asserting that plaintiff's petition disclosed the existence of a separable controversy.

The motion to remand makes three points: (1) That the removing defendant did not give the preliminary notice of intention to remove as required by law. This point I find the facts do not sustain.

(2) That the motion was filed too late because filed after the time when defendant was required to answer. I find against this ground of the motion also.

It is plain, upon the authorities cited by both plaintiff and defendant, that the sheriff's return was not sufficient to support a default judgment, and therefore to compel the defendant to answer at the term to which it was returnable. It did not, as it should have done to require answer, disclose that Harrison, the person served, was the character of agent upon whom service under the statutes would be effective. Standard Accident Ins. Co. v. Edwards (Tex. Civ. App.) 1 S.W.(2d)

321; Delaware Ins. Co. v. Hutto (Tex. Civ. App.) 159 S. W. 73; Latham Co. v. Radford Grocery Co., 54 Tex. Civ. App. 510, 117 S. W. 909.

The third point, that the petition does not assert a cause of action against the Home Indemnity Company separate and distinct from that asserted against the Texas News Company, which is capable of being finally determined as between plaintiff and the insurance company, and complete relief afforded without the presence of the other defendants, I think well taken, and the cause must be remanded. Torrence v. Shedd, 144 U. S. 530, 12 S. Ct. 726, 36 L. Ed. 528; Graves v. Corbin, 132 U. S. 571, 10 S. Ct. 196, 33 L. Ed. 462; Minar v. Sheehy, 56 App. D. C. 318, 13 F.(2d) 290.

The existence of a separable controversy is determined on the allegations alone of plaintiff's pleading. The pleading in this case discloses an agreement on the part of the removing defendant to stand liable on any cause of action for damages arising against its insured, Texas News Company, and, further, to discharge any judgment which might be rendered against its insured. It is perfectly competent for an insurance company to make such agreement, and if it does so it puts itself in like case with the insured with whom it has agreed, and gives to any person injured a direct action against it and its insured on account of injuries received at the hands of the insured. In such case, the one injured has one controversy against them both; not two controversies, one against each. The Texas courts have so held. Texas Landscape Co, v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423; American Automobile Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534. See also Morrell v. Lalonde (D. C.) 271 F. 19.

It is not a theoretically separable, but an actually separate, and distinct controversy, as viewed by the courts of the state where the cause is pending, which determines its removability.

The motion is granted, and the cause is remanded.

#### On Motion for Rehearing of Motion to Remand.

The removing defendant in a vigorous motion for rehearing asserts that here are two causes of action, one ex contractu, against it, the other ex delicto, against its codefendant; and that while such actions may be properly joined in one suit under the state practice, this right of joinder does not make a joint action out of two separate ones. It cites Stewart v. Tire & Rubber Co. (C. C. A.) 39 F.(2d) 309, 311, and Lynch v. Insurance Co. (D. C.) 15 F.(2d) 725, to the proposition that "the cause of action does not become joint, or joint and several, from the mere fact that the plaintiff elects to avail itself of the statutory permission and unite parties in the same action."

It also cites in support of a rigid and precise common law determination of the joint and severable character of a cause of action Genuine Hat Works v. Webb (D. C.) 36 F.(2d) 265 which with Henderlong v. Standard Oil Co. (D. C.) 17 F.(2d) 184, and other District Court cases, persist in holding to the rule established in the Warax Case (C. C.) 72 F. 637, but long since discarded by the Supreme Court in Alabama Great So. Ry. v. Thompson, 200 U. S. 212, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Cincinnati, N. O. & T. P. Ry. v. Bohon, 200 U. S. 221, 26 S. Ct. 166, 50 L. Ed. 448, 4 Ann. Cas. 1152; Southern Ry. v. Miller, 217 U. S. 209, 30 S. Ct. 450, 54 L. Ed. 732; Chicago, R. I. & P. v. Schwyhart, 227 U. S. 193, 33 S. Ct. 250, 57 L. Ed. 473; Chesapeake & O. Ry. v. Cockrell, 232 U. S. 147, 34 S. Ct. 278, 58 L. Ed. 544; Southern Ry. v. Carson, 194 U. S. 139, 24 S. Ct. 609, 48 L. Ed. 907; 23 R. C. L. 686; Illinois Cent. R. Co. of State of Illinois v. Sheegog, 215 U. S. 308, 30 S. Ct. 101, 54 L. Ed. 208, that an action against a servant and his master, which predicates the liability of the master solely upon the relation, presents not joint and several, but only several causes of action.

I have long believed that it was meant to hold broadly, and that it was held in the Thompson and Bohon Cases and those which followed, that where the matters in controversy in a suit are by the practice in the state where the suit is filed regarded as suable in one action, because relating to the same transaction or subject-matter, and therefore presenting one primary controversy between the parties to it, such suit does not present a separable controversy as to any of them, though at common law the causes of action would have been severable and not joint. 1 C. J. pp. 1073, 1074, p. 1082, § 239 et seq.; First Baptist Church v. So. Mortgage Co. (D. C.) 39 F.(2d) 246; Pabst v. Roxana Petroleum Co. (D. C.) 30 F.(2d) 953.

In Cincinnati, N. O. & T. P. v. Bohon, 200 U. S. 225, 26 S. Ct. 166, 168, 50 L. Ed. 448, 4 Ann. Cas. 1152, it was said: "If the action was properly joint in the forum in

which it was being prosecuted, it could not be removed as a separable controversy under the act of Congress. We have under consideration an action for tort which, by the Constitution and laws of the state, as interpreted by the highest court in the state, gives a joint remedy against master and servant to recover for negligent injuries. * * * A state has an unquestionable right by its Constitution and laws to regulate actions for negligence, and where it has provided that the plaintiff in such cases may proceed jointly or severally against those liable for the injury, and the plaintiff, in due course of law and in good faith, has filed a petition electing to sue for a joint recovery given by the laws of the state, we know of nothing in the Federal removal statute which will convert such action into a separable controversy for the purpose of removal." Quoting from Southern Ry. v. Carson, 194 U. S. 136, 24 S. Ct. 609, 610, 48 L. Ed. 907, the court in the same case said: "Reference was there made to the fact that many courts have held the identification of master and servant to be so complete that the liability of both may be enforced in the same action."

■ Applying these principles to the facts of this case, I think it inescapable that no separable controversy exists here. The courts of Texas have declared the liability of an insurance company in a case like the one at bar to be direct, absolute, and primary, not derivative, secondary, and by way of indemnity. Texas Landscape Co. v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423; American Auto. Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534; Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662.

While therefore it is perfectly clear that the insurance company in this case was not a primary wrongdoer in the sense of having directed or authorized, or brought about the commission of the tort, and at common law the cause of action against it and its insured would not have been a joint one, it seems plain to me that there is only one primary controversy in this case, whether or not plaintiff has been injured by the culpable act of the insured, the determination of which fixes the liability at once against both defendants, the one because he did the act, the other because it agreed in advance that it would be absolutely, and at all events, liable to a third person, if such an act causing damage, occurred.

Here, as in the case of master and servant, "the identification (of the two obligors) is so complete that the liability of both may be enforced in the same action."

Under these circumstances, it seems unreasonable to me to say that here is a separable controversy, wholly determinable as to the removing defendant, without the presence of the other party to the suit. For here, in fact and I think in law, is only one controversy, and plaintiff has elected to and may make his action joint against them, taking them as they have placed themselves, under one liability, the one by its act, the other by its agreement in advance to stand liable and sue them that way.

The removing defendant cites as of contrary purport Little Six Oil Co. v. Noble (C. C. A.) 17 F.(2d) 728, holding that where one has incurred a contractual liability and another has assumed the liability by a separate agreement, a separable controversy exists.

Conceding that that case was correctly decided, it presents a wholly different situation from this one. There the liability had been cast on one of the defendants before the other had assumed it by contract; here the insurance company agreed in advance of any injury, that it would be primarily liable to any person culpably injured.

In such situation a better analogy is the case of an insured and an insurer executing a fidelity bond, or one guaranteeing the public against liability. In such cases the suits have been held to be jointly maintainable upon the bond, Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662, and therefore not removable, Centerville State Bank v. National Surety Co. (C. C. A.) 37 F.(2d) 338.

The motion for rehearing is overruled.