## BRUNSKI v. FORD MOTOR CO. et al.

### (District Court, W. D. Missouri, W. D. March 31, 1923.)

### No. 5462.

1. **Removal of causes ⬯=55—That joint defendants may file separate answers setting up different defenses does not render cause removable on the ground of separable controversy.**

   Where plaintiff's petition states a joint cause of action, the cause is not removable by one defendant, who is a nonresident, even though defendants may file separate answers, setting up different defenses, which may defeat a joint recovery.

2. **Master and servant ⬯=313—Foreman failing to warn workmen liable for negligence.**

   It is the duty of a foreman, having charge of and controlling workmen, to use proper care for their safety, and to warn them of dangers not obvious to them, and he may be chargeable with actionable negligence for failure in such duty.

3. **Removal of causes ⬯=61—Whether a case involves a separable controversy is to be determined from plaintiff's pleading.**

   Where plaintiff's petition in good faith charges a joint liability and states facts which would render defendants jointly liable, the cause is not removable by one defendant, who is a nonresident.

4. **Removal of causes ⬯=107(7)—Petitioner has burden of proving fraudulent joinder.**

   A charge, in a petition for removal by a nonresident joint defendant, that the joinder was fraudulent, cannot rest on the petitioner's deduction, but must be supported by proof.

At Law. Action by Anton Brunski against the Ford Motor Company and George Hilliard. On motion by plaintiff to remand to state court. Granted.

On motion to remand to the state court. Plaintiff instituted his suit for damages in the state court against Ford Motor Company, a nonresident employer, and George Hilliard, a resident employee. The nonresident defendant in due course filed its petition for removal, alleging, among other things, that there was a removable and separable controversy and that the resident defendant was merely a nominal party and that the joinder was fraudulent as it was designed to defeat the jurisdiction of this court. Pursuant to such petition the cause was removed, whereupon plaintiff moved to remand, on the ground that "said cause was improvidently ordered removed to this court by state court, and because said state court, under the allegations of plaintiff's petition, had jurisdiction of said cause and should have retained said jurisdiction."

Testimony in support of said motion to remand was heard. The petition alleged, among other things, that Hilliard, the resident defendant, was foreman and vice principal of the nonresident defendant; that the injuries claimed to have been sustained by plaintiff "were caused by the negligence of defendants in that defendants neglected to provide plaintiff * * * with a reasonably safe place to work, in negligently permitting said work to overlap * * * and negligently ordering said other employés of defendant Ford Motor Company to place said engine in position at the same time and place where plaintiff was at work beneath said automobile, * * * when said defendants well knew, or by the exercise of ordinary care should have known, that to permit said overlapping of work would endanger the life or limb or body of plaintiff, * * * that defendant George Hilliard negligently ordered and directed said other employés to go ahead with said work of placing said engine in position, and stood by while said hammer was being used

⬯=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as aforesaid, when defendants well knew or by ordinary care could have known that to do so at said time and place was endangering plaintiff's safety."

It was further charged that negligent methods in doing said work were knowingly used by defendants, and that the order for the performance of such work in the manner alleged was negligently given, and that the plaintiff was not warned of his danger. It was said furthermore "that defendant negligently hurried said work, * * * and rushed said employés in the doing of their said work, and thereby caused said overlapping * * * and the subsequent injury to plaintiff."

It appeared from the petition and the evidence on the motion that the defendant corporation operated an automobile assembling plant in Kansas City; that it used in such plant an elevated conveyor or platform and trackway, over which its automobiles were pushed, so that at different points on said trackway various and sundry parts could be attached; that it was the particular duty of the plaintiff, as an employé, to hook up the front radius rods immediately after the motor was placed in the frame; that, due to an accident to the machinery, "they fell behind the schedule 13 to 14 cars." Whereupon defendant Hilliard gave the order, "Let's go, boys; try to catch up to lot production;"- and ordered the particular automobile, upon which plaintiff was doing his work to be pushed down the trackway with directions that plaintiff should finish his work while on the way and at other points. Other workmen, in attaching other parts along the line, then injured plaintiff, as it was claimed.

H. G. Pope, of Kansas City, Mo., for plaintiff.

O. C. Mosman, of Kansas City, Mo., for defendants.

REEVES, District Judge (after stating the facts as above).    [1] 1. As a postulate to a consideration of the questions involved here, it should be stated that, where plaintiff's petition states a joint cause of action, it is not removable, even though defendants may file separate answers and set up different defenses. A separate defense may defeat a joint recovery, but it cannot deprive the plaintiff of his right to prosecute his suit to final decision in his own way. Whiteaker v. Railroad, 252 Mo. 438, 160 S. W. 1009; Chi. Rock Island Ry. v. Whiteaker, 239 U. S. 421, 36 Sup. Ct. 152, 60 L. Ed. 360; Southern Railway Co. v. Carson, 194 U. S. 136, 24 Sup. Ct. 609, 48 L. Ed. 907; Powers v. Chesapeake & Ohio Railway Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. Moreover, it is the rule that the identification of master and servant is so complete that the liability of both may be enforced in the same action (Southern Railway v. Carson, supra; Morin v. Rainey et al. (Mo. App.) 207 S. W. 858, loc. cit. 861; Davenport v. Southern Railway Co., 135 Fed. 960, 68 C. C. A. 444; 26 Cyc. 1543; Jewell v. Kansas City Bolt & Nut Co., 231 Mo. 176, 132 S. W. 703, 140 Am. St. Rep. 515.

[2] In defining the duty of a foreman, it has been held that, having charge of and controlling workmen, he is presumed to observe the presence or absence of proper safety appliances and to know the danger of working without such appliances, and it is his duty to warn those working under his direction and control of dangers which are not obvious to them, and that he is guilty of actionable negligence in failing to warn the workmen of such danger. Russell v. Champion Fibre Co., 214 Fed. 963, 131 C. C. A. 259; Railway v. Schwyhart, 227 U. S. 184, 33 Sup. Ct. 250, 57 L. Ed. 473; Clark v. Railway et al. (D. C.) 194 Fed. 505.

[3] 2. In the case at bar, plaintiff's petition charges a joint liability and states facts which, under all the authorities, if true, would render the defendants jointly liable.

"A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. * * * A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way." Alabama Southern Railway v. Thompson, 200 U. S. 206, loc. cit. 216 (26 Sup. Ct. 161, 164, 50 L. Ed. 441, 4 Ann. Cas. 1147); Lanning v. Railroad, 196 Mo. 647, loc. cit. 658, 94 S. W. 491.

The test of such controversy is the cause of action stated in the complaint. If it is joint in character, and no attack is made upon the good faith of the action, no separable controversy is presented, within the meaning of the act of Congress. Alabama Southern Ry. Co. v. Thompson, supra; Cincinnati, N. O. & T. P. Ry. v. Bohon, 200 U. S. 221, loc. cit. 226, 26 Sup. Ct. 166, 50 L. Ed. 448, 4 Ann. Cas. 1152. The cause of action sued for in this case is an entirety, and not separable. Stotler v. Railroad, 200 Mo. 107, loc. cit. 120, 98 S. W. 509.

[4] 3. The only other question in the case is whether the joinder of the two defendants was only a sham or a fraudulent device to prevent a removal. It is so charged in the petition to remove from the state court. The law requires that a showing must be made by the removing defendant of a state of facts rightly leading to that conclusion, apart from the pleader's deductions. Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U. S. 146, loc. cit. 152, 34 Sup. Ct. 278, 58 L. Ed. 544; Wilson v. Republic Iron & Steel Co., 257 U. S. 92, loc. cit. 97, 42 Sup. Ct. 35, 66 L. Ed. 144; Railway v. Dowell, 229 U. S. 102, 33 Sup. Ct. 684, 57 L. Ed. 1090. In this case it was alleged in the petition for removal that the resident defendant was only a nominal party, and that no act of negligence was charged against him, so as to render him jointly liable with the nonresident defendant.

As these were the only charges to support the deduction of fraud, it must be ruled adversely to the contention of the removing defendant, in view of the conclusion heretofore reached that the petition did charge a cause of action against the resident defendant. It appears, therefore, from the petition and from the evidence, that on reasonable grounds plaintiff believed in good faith that the defendants were jointly liable to him. There was not a separable controversy. Fraser v. Jennison, 106 U. S. 191, 1 Sup. Ct. 171, 27 L. Ed. 131. His joinder of defendants is not fraudulent in law, though the truth at the trial may disclose no liability upon the resident defendant.

It follows, from the foregoing, that plaintiff's motion to remand should be sustained, and the cause is accordingly remanded to the state court.