THE STATE EX REL. ENSUL C. HANCOCK, Petitioner, v. VICTOR H. FALKENHAINER and JOHN W. CALHOUN, Judges of Circuit Court of City of St. Louis.—291 S. W. 466.

Court en Banc, February 15, 1927.

**1. CERTIORARI: Application for Writ: Laches.** Mere lapse of time will not preclude an application for a writ of **certiorari.** A delay of four months in asking for a writ to quash an order of the circuit court transferring a case pending therein to the Federal court does not amount to laches where the delay has in no wise prejudiced the rights of the party in whose favor the order was made. The filing of a transcript in the Federal court and the filing in such court of an answer on the merits before application was made for the writ, were the doing of only such things as such party was by law compelled to do, and the issuance of the writ in no wise disturbs his position.

**2. NEGLIGENCE: Nonfeasance: Joint Liability: Removal of Cause to Federal Court.** If the petition in an action brought against a non-resident corporation and its resident foreman shows that defendants are jointly liable, the controversy is not separable, and the cause is not removable to the Federal court upon the petition of the corporation; and whether it charges joint or separable liability, is a question to be determined by State law. Relator brought an action in the State court for damages against a non-resident corporation and its resident foreman, for injuries received in operating a forging machine, and in his petition charges negligence (a) in the failure of the defendants to warn him of their intention to start the machine in motion, and (b) in negligently assuring him by the presence of the foreman that he could work in safety. Held, that the failure of the foreman to warn plaintiff before starting the machine in motion was not a mere act of non-feasance, but one of misfeasance, and the defendants are jointly liable, and the cause is not removable to the Federal court.

**3. COMITY: Transfer of Cause: Transcript Already Filed in Federal Court.** The fact that, at the time relator filed in this court his application for a writ of **certiorari** to quash the order of the circuit court transferring his action to the Federal court, the non-resident defendant therein had filed in the Federal court a transcript of the record of the State court, does not justify an application of the rule of comity. If the State court alone had jurisdiction of the cause, and there was no ground for the removal, there

is no conflict of jurisdiction, and no room for the application of the rule of comity.

Corpus Juris-Cyc. References: **Certiorari,** 11 C. J., Section 133, p. 147, n. 79.  **Courts,** 15 C. J., Section 637, p. 1163, n. 63.  **Removal of Causes,** 34 Cyc., p. 1257, n. 9; p. 1288, n. 56.

## *Certiorari.*

RECORD OF CIRCUIT COURT QUASHED.

*Jesse T. Friday* for relator.

(1)    The court erred in granting the petition for removal, because the record showed, as a matter of law, that there is no complete diversity of citizenship conferring Federal jurisdiction, and that there are no facts sufficiently alleged showing an exception to the requirement of complete diversity of citizenship for Federal jurisdiction, because:   (a)   The facts alleged to show fraudulent joinder are, as a matter of law, insufficient; and  (b)   The record showed, as a matter of law, that there is no separable controversy authorizing removal. (2)    A petition for removal based on "fraudulent joinder" must affirmatively allege facts "rightfully engendering that conclusion." C. R. I. & P. Ry. v. Whiteaker, 239 U. S. 241, affirming Whiteaker v. Railroad, 252 Mo. 438; C. & O. Ry. v Cockrell, 232 U S. 146; C. R. I. & P. Ry. v. Dowell, 229 U. S. 102; C. B. & Q. Ry. v. Willard, 220 U. S. 413; C. R. I. & P. Ry. v. Schwyhart, 227 U. S. 184, affirming Schwyhart v. Railroad, 145 Mo. App. 332; McAllister v. Railroad, 242 U. S. 302.  It is not sufficient to allege that the joinder is fraudulent, or made in bad faith, or for the mere purpose of defeating Federal jurisdiction, or that one or both defendants are not liable, or to traverse the allegations of negligence, or to state that the resident defendant is a man of small means, or that there is no real intention to recover against him.   And plaintiff's motive in joining the resident defendant is immaterial.   C. B. & Q. Ry. v. Willard, 220 U. S. 427.   In this case the allegations of fraudulent joinder in the petition for removal are, as a matter of law, insufficient.   (3) "The question whether there is a separable controversy which will warrant a removal is to be determined by the condition of the record in the State court at the time of the filing of the petition for removal, independently of the allegations in that petition or in the affidavit of the petitioner."   L. & N. Railroad v. Wangelin, 132 U. S. 599.   If, under the State law, plaintiff's petition shows that the defendants are jointly liable (i. e., subject to joint suit and judgment) then there is not and cannot be a separable controversy. Railroad v. Willard, 220 U. S. 413; Railroad v. Dowell, 229 U. S. 102;

Railroad v. Dixon, 179 U. S. 131; Alabama Ry. Co. v. Thompson, 200 U. S. 206; Railroad v. Schwyhart, 227 U. S. 184; Brunski v. Ford Motor Co., 299 Fed. 807. In this case plaintiff's petition states a cause of action against both defendants for which they are jointly liable. Freese v. Iron Co., 274 S. W. 778; Railroad v. Schwyhart, 227 U. S. 184, affirming Schwyhart v. Railroad, 145 Mo. App. 332; Railroad v. Dowell, 229 U. S. 102; Johnson v. Foundry Co., 259 S. W. 442; Enloe v. Foundry Co., 240 Mo. 443; Dayharsh v. Railroad, 103 Mo. 576; Jost v. Foundry Co., 246 S. W. 340; Mertz v. Rope Co., 174 Mo. App. 94; Morin v. Rainey, 207 S. W. 858; Bright v. Brick Co., 201 S. W. 641; Loretta v. Can Co., 246 S. W. 997; English v. Shoe Co., 145 Mo. App. 439; Comisky v. Heating Co., 219 S. W. 999; Baird v. Mills Co., 203 Mo. App. 432; State ex rel. Duvall v. Ellison, 283 Mo. 532. The contention that "under the law the defendant Axelson Machine Company, as the master, is solely liable for any injuries suffered by the plaintiff under the allegations of his petition, if any liability exists, and the defendant Carlson, under the allegations of the petition of plaintiff, is not in anywise liable to the plaintiff for such injuries," stated in the petition for removal and repeated in the suggestions opposing relator's petition for the writ, is wholly without merit. The facts stated in the plaintiff's petition show a clear case of liability against the foreman, defendant Carlson. Baird v. Mills Corp., 203 Mo. App. 437. (4) In Missouri, *certiorari* is the proper remedy (and only remedy) to reverse or quash an erroneous decision granting removal. State ex rel. Iba v. Mosman, 231 Mo. 474. (5) The denial by this court of a prior petition by relator for a writ of *certiorari* involving this same cause does not constitute a bar to this proceeding. State ex rel. Wurdeman v. Reynolds, 275 Mo. 121. (6) Relator was not guilty of laches or unreasonable delay in petitioning this court for a writ of *certiorari* because: (a) No time is fixed by statute within which the application must be made. (b) No prejudice has resulted or is claimed to have resulted to anyone from delay. (c) The writ of *certiorari* in this cause is analogous to and in lieu of a writ of error for which one year is allowed. Sec. 1487, R. S. 1919; Union Dr. Dist. Comr. v. Volke, 163 Ill. 243. (d) The rule of decision by this court that a petition for a writ of *certiorari* to a court of appeals should be filed within thirty days after judgment is based upon the fact that the court of appeals is required by law to send down its mandate within thirty days after its final judgment. State ex rel. Berkshire v. Ellison, 287 Mo. 654. No analogous situation exists in this cause, and no like reason applies. (e) Mere lapse of time alone does not preclude a petition for a common law writ of *certiorari*. Union Dist. Comr. v. Volke, 163 Ill. 243. (7) Since the record, as a matter of law, showed no ground for Federal jurisdic-

tion for granting the petition for removal and staying proceedings, the filing in the Federal court of the transcript of the State court record did not give the Federal court jurisdiction, nor deprive the State court of jurisdiction, nor affect the situation as to jurisdiction in the least. Iowa Cent. Ry. Co. v. Bacon, 236 U. S. 305; Southern Ry. Co. v. Lloyd, 239 U. S. 496. Nor would action in the cause by the Federal court affect the question of jurisdiction unless it constituted an express decision that the Federal court acquired jurisdiction and that the State court had lost jurisdiction. Iowa Cent. Ry. Co. v. Bacon, 236 U. S. 305.

*W. E. Moser* and *Marsalek, Stahlhuth & Godfrey* for respondents.

(1) Relator was guilty of laches and unreasonable delay in applying for the writ, and on that account the court should exercise its discretion to refuse it. Relator allowed four months to elapse, after the order of removal was entered below, before applying for the present writ, although he knew the removing defendant was required to file the transcript in the Federal court within thirty days. Under such circumstances, his laches and unreasonable delay should bar him from maintaining this proceeding. State ex rel. v. Ellison, 287 Mo. 654; State ex rel. v. Gibson, 187 Mo. 536; State ex rel. v. Hogan, 267 S. W. 619; Sec. 29, Fed. Jud. Code (Act Mar. 3, 1911, U. S. Comp. Stat. 1918, sec. 1011); Sec. 39, Fed. Jud. Code (Act Mar. 3, 1911, U. S. Comp. Stat. 1918, Sec. 1021). The writ of *certiorari* is purely discretionary. In re Saline County, 45 Mo. 52; State ex rel. v. Henderson, 160 Mo. 208; State ex rel. v. Broaddus, 245 Mo. 123; State ex rel. v. Hall, 282 Mo. 425. (2) The rule of comity should preclude the State courts from attempting to retake jurisdiction of this cause at this late date. State ex rel. v. Reynolds, 209 Mo. 161; Mishawaka Mfg. Co. v. Powell, 98 Mo. App. 530; Kelly v. Railroad, 122 Fed. 292; Abeel v. Culberson, 56 Fed. 329; Fisk v. Union Pac. Ry. Co., Fed. Cas. No. 4827; Ex parte Chetwood, 165 U. S. 460; Boston & M. Railroad v. Niles, 218 Fed. 946; 15 C. J. 1183. And thus avoid a conflict of jurisdiction. C. & O. Railroad v. McCabe, 213 U. S. 222. (3) No error was committed in sustaining the petition for removal, for the reason that plaintiff's petition stated no cause of action against defendant Carlson. O'Neil v. Young, 58 Mo. App. 635; Bissill v. Rodin, 34 Mo. 63; Harriman v. Stowe, 57 Mo. 93; Steinhauser v. Spraul, 127 Mo. 541; Kelly v. Railroad, 122 Fed. 286; Kelly v. Robinson 262 Fed. 695; Bell v. Josselyn, 3 Gray (Mass.) 309; Albro v. Jaquith, 4 Gray (Mass.) 99; Schiller v. Selbermintz, 98 N. Y. Supp. 230; Murray v. Usher, 117 N. Y. 542; Kimbrough v. Boswell, 119 Ga. 201; Hill v. Caverly, 7 N. H. 215; Paper Co. v. Dean, 123 Mass. 267; Reid v. Humber, 49 Ga. 207.

GANTT, J.—The record herein is in response to our writ of *certiorari*, issued on the 3rd day of March, 1925, to the respondents, Hon. Victor H. Falkenhainer and Hon. John W. Calhoun, as judges of the Circuit Court of the City of St. Louis. On the 19th of September, 1924, the relator filed in that court a suit against the Axelson Machine Company, a corporation, and Carl Arthur Carlson, for damages for personal injuries alleged to have been caused by the negligence of the defendants while he was in the employ of the defendant Axelson Machine Company. Service was had on the 20th of September, 1924. In his petition in that case the plaintiff states that the Axelson Machine Company was a corporation, and that the defendant Carl Arthur Carlson is and was at all times therein mentioned a resident of the city of St. Louis and State of Missouri; that on or about the 21st day of February, 1924, he was in the employ of defendant Axelson Machine Company and under the control of defendant Carlson, who was the foreman of the defendant Axelson Machine Company; that it was the plaintiff's duty to operate a machine known as a forging machine, and on said day he was directed by defendants, through defendant Carlson, to make adjustments upon the machine, and while so engaged it was necessary for him to stand in such a position with reference to the machine that it was dangerous to him if the machine was started in motion; that the machine was operated by electrical power and started by the movement of a treadle; that while he was so engaged the defendants, acting through Carlson, suddenly and without warning caused the machine to start in motion, and thereby he was caught in the machine and greatly injured to his damage in the sum of $30,000. The defendant corporation on the 6th of October, 1924, and at the October term, filed a petition to remove the cause to the Federal court, stating that it is a citizen of California, and that the plaintiff and defendant Carlson are citizens of Missouri; that a separate and severable controversy and cause of action exists in this case as between the plaintiff and your petitioner; and that there is, therefore, a separate controversy within the meaning of the statutes of the United States. Respondents filed their return in this court on the 11th of April, 1925, and on the 15th of April, 1925, filed their motion in this court to quash the writ. Respondent Hon. John W. Calhoun had no part in any of the proceedings involved in said cause, but succeeded Hon. Victor H. Falkenhainer as judge of said court, and was for that reason joined as respondent.

I. Respondents contend relator was guilty of laches and unreasonable delay in applying for our writ. Relator did not petition for the writ until about four months after the order of removal to the Federal court was made by the State court. For this delay relator

**Laches.** is charged with laches, and respondents insist for that reason we should quash the writ. By the general rule the mere lapse of time will not preclude the granting of the writ. It is only where injustice will result that it will ordinarily be refused after the delay. [2 C. J. 147, sec. 133.] While the petition for removal was filed on the 6th of October, 1924, the order of record approving the bond, granting the petition, and staying the proceedings in the State court was not made until the 31st of October, 1924. The transcript of this record was filed in the Federal court on the 4th of November, 1924, and the defendant Axelson Machine Company filed its answer to the merits in said court on the 6th of January, 1925. By the record in this court, the above statement covers all that has been done by the defendant Axelson Machine Company in its efforts to remove this cause to the Federal court. It made these movements at the time because it was compelled to do so by the Federal statute, and the movements were made before the relator petitioned to this court for our writ. The delay has in no way prejudiced the rights of the defendant Axelson Machine Company or the respondents, and their position in the Federal court has in no way been disturbed. On the 21st of November, 1924, relator filed in the State court a motion to set aside the order granting the removal, and on said day the motion was overruled. Term bill of exceptions was allowed and filed on the 29th of November, 1924 (it being the last day of the October term of the State court). These movements of the relator in the State court establishes the fact that he resisted the removal of this cause to the Federal court from the beginning. This is not a case where the parties consented to a removal. Respondents direct our attention to the case of State ex rel. Berkshire v. Ellison, 287 Mo. 654. In that case we held that in *these certiorari cases* (referring to writs to the courts of appeals) a period of thirty days was ordinarily a reasonable time within which to petition for the writ. This ruling in some measure rests on the fact that the Court of Appeals is required by law to send down its mandate within thirty days after its final judgment. The statement of the reason for the rule shows it has no application to the case at bar. In so ruling we did not limit our general discretion in issuing writs of *certiorari*. No time is fixed by statute within which the petition for our writ must be filed; and in some jurisdictions the writ is held to be analogous to and in lieu of a writ of error, for which one year is allowed. [Union Drainage Dist. Commrs. v. Volke, 163 Ill. 243, 45 N. E. 415; 4 Cyc. of Prac. & Plead. p. 132.] This contention is overruled.

II. It is contended the defendant Carlson was only guilty of non-**Removable Cause.** feasance, and, therefore, the cause is removable. Respondents concede that the removal petition did not tender an issue of fact, and that it was the duty of respondents, in the first instance, to decide whether or not upon the record the

cause was removable. The charges of negligence in the petition are as follows:

"That the defendants negligently and carelessly failed to warn the plaintiff of the intention of the defendants to start said machine in motion when they knew, or by the exercise of ordinary care should have known, that plaintiff was standing at such machine in a position that if said machine were started in motion that plaintiff would be or was likely to be injured thereby, and that by the presence of defendant Carl Arthur Carlson, defendants negligently and carelessly assured the plaintiff that plaintiff could do said work upon said machine with reasonable safety to himself, when the defendants knew, or by the exercise of ordinary care could have known, that in starting said machine in motion at said time that it was likely to cause injury to plaintiff.

"Plaintiff further states that the negligence of defendants concurred and co-operated jointly to directly and proximately cause said injuries, and that as a direct result of the injuries thus sustained by him he has suffered.   .   .   ."

It will be noted that the plaintiff did not charge negligence in the starting of the machine, but charged, first, negligence in the failure of the defendants to warn plaintiff of their intention to start the machine in motion; and, second, that by the presence of Carlson defendants negligently assured plaintiff he could work in safety. This question is to be determined by the State law. If the petition shows the defendants are jointly liable (i. e. subject to joint suit and judgment), then there is not a separable controversy. [C. B. & Q. Ry. v. Willard, 220 U. S. 413; C. R. I. & P. Ry. v. Dowell, 229 U. S. 102; Ches. & O. Ry. v. Dixon, 179 U. S. 131; Alabama Ry. Co. v. Thompson, 200 U. S. 206; C. R. I. & P. Ry. v. Schwyhart, 227 U. S. 184; Brunski v. Ford Motor Co., 299 Fed. 807.]

Respondents insist that the failure of defendant Carlson to warn plaintiff before starting the machine in motion was an act of omission and necessarily an act of nonfeasance. We have ruled differently. In the case of Orcutt v. Century Building Company, 201 Mo. l. c. 446, we held, in an opinion by GRAVES, J., that when an agent entered upon the performance of the work any act which he did, whether by omission or commission, was misfeasance, and he was jointly liable. The courts of appeals are following this case as our last word on the subject. [McCarver v. Lead Co. and Foster, 216 Mo. App. l. c. 384; Vaughn v. Creamery Co., 275 S. W. l. c. 595.] A lengthy discussion of the question and a review of the authorities will be found in 20 A. L. R. 97, 137, l. c. 99 et seq., 139, 155, 165. The Orcutt case in effect overrules on this question the cases of Steinhauser v. Spraul, 127 Mo. l. c. 552, 562; Bissell v. Roden, 34

Mo. 63, and Harriman v. Stowe, 57 Mo. 93, cited by respondents. In view of our ruling on this question, we hold defendant Carlson to be jointly liable with defendant Axelson Machine Company.

III.   Defendant Axelson Machine Company having filed in the Federal court a transcript of the record of this cause in the State court, it is suggested by respondents that we should as a matter of comity quash the writ.   We find no place in this proceeding for an application of the rule of comity.   We have held the State court has jurisdiction of the cause, and, therefore, there is no conflict of jurisdiction.   The plaintiff has the right to have his case tried in the State court.   [State ex rel. Iba v. Mosman, 231 Mo. 474.]

**Comity.**

It follows that the motion to quash the writ is overruled, and the order of the circuit court of date of the 31st of October, 1924, sustaining the petition for removal and transferring the cause is quashed. All concur, except *Graves, J.,* absent.