**REEVES v. AMERICAN BRAKE SHOE CO. et al.**

No. 5566.

District Court, E. D. Missouri, E. D.

Dec. 12, 1947.

898

Jerome A. Gross, of St. Louis, Mo., for plaintiff.

George E. Heneghan, of St. Louis, Mo., for defendants American Brake Shoe Company and Paul Sutter.

HULEN, District Judge.

Plaintiff filed his petition in the State Court for damages. The cause was removed. Plaintiff's motion to remand is before the Court for ruling.

Defendants in the action are American Brake Shoe Company, John Smith and Paul Sutter. Service was not obtained on John Smith and in so far as the present motion is concerned it will be considered as though he were not made a party defendant. Plaintiff and defendant Paul Sutter are residents of Missouri. American Brake Shoe Company is a non-resident corporation. The petition for removal, on the grounds of diversity, alleges a separate controversy between plaintiff and defendant corporation; that the petition does not state a cause of action against defendant Paul Sutter; that Paul Sutter was not joined in good faith as a party defendant but was fraudulently joined to defeat jurisdiction of this Court.

The right to remove is statutory and before a defendant can avail itself of the statutory right it must show upon the record a case which comes within the provisions of the statute. To be removable, under the statute regulating removal in the character of proceeding before the Court, the controversy must be "wholly between citizens of different States, and which can be fully determined as between them". Title 28 U.S.C.A. § 71.

Defendant's position that the petition states, or should legally be construed as stating, a separable controversy, is based upon a claim that the acts complained of by the plaintiff are acts of non-feasance in so far as the defendant Sutter is concerned "and no facts are alleged from which it may be inferred that the individual defendant was guilty of misfeasance." Does the petition state a joint cause of action against the corporate defendant and Paul Sutter?

The petition alleges that the corporate defendant operated a manufacturing plant in St. Louis County and that Paul Sutter was assistant master mechanic and assistant supervisor of maintenance, whose duties were to assist the master mechanic and supervisor of maintenance who was charged with responsibility for the safety of working conditions in the plant and seeing that tools, appliances and equipment "including scaffold boards, were safe and suitable for their intended purpose and uses, and were such as would give proper and adequate protection to persons working thereon." At the time of plaintiff's injury, he was employed by an electrical contractor to install electrical wiring in the corporate defendant's place of business. While engaged in the work of installing wiring he was injured. Such injuries are alleged to have resulted from defendant's retaining control of the area where plaintiff's work was being performed and that the defend-

ants furnished and maintained upon a crane a movable scaffold board for the use of all persons working in the vicinity of said crane, and that the scaffold board was "cross-grained, and contained a knot, and was weak and likely to break and was not a safe, suitable, proper and adequate scaffold board, which defendants and each of them knew, or in the exercise of ordinary care, would have known." The petition alleges that while the plaintiff was carrying on his work in the corporate defendant's place of business and was "using said scaffold board so furnished by defendants, and was standing upon said board and working therefrom the said scaffold board did break in the region where it was cross-grained and knotted, and plaintiff was thereby caused to fall to the floor of said building" and to sustain the injuries and damages sued for.

■ Whether the petition in the above respect states a joint cause of action is a question of substantive law governed by the law of the State where the cause of action accrued.

■ We are unable to agree with the defendant that no joint cause of action can be based upon the allegations of the petition against the defendants. It is charged the defendants "provided" a scaffold board for use by plaintiff which they knew was unsafe and unsuitable for the use intended. This allegation can be classified as a charge of misfeasance. The charge that defendant Paul Sutter's duties as assistant master mechanic and assistant supervisor of maintenance was to assist the master mechanic and supervisor of maintenance in providing safe working conditions and for seeing that the appliances, including scaffold boards, were safe and suitable for the purpose intended, and that he failed to do so, while a charge of non-feasance yet is of such a character as to fall within the category of acts which if omitted under such circumstances as to be negligence by the servant, would place liability on the servant as well as the principal. See Ryan v. Standard Oil Co., Mo.App., 144 S.W.2d 170; State ex rel. Hancock v. Falkenhainer, et al., 316 Mo. 651, 291 S.W. 466. It is not necessary that the individual defendant have full and exclusive control of the premises under the facts pled, nor is the individual defendant relieved of liability to third persons. This, we think, must be ruled under the authority of Giles v. Moundridge Milling Co., 351 Mo. 668, 173 S.W.2d 745.

■ The courts in general agree that the statutes on removal should be construed strictly and the case should be remanded where there is any doubt as to the right of removal in the first instance. Under the allegations of the petition and the ruling in the Giles case, certainly it is doubtful that the petition only states a separable controversy as to plaintiff and against the corporate defendant.

■ It would appear that defendant recognizes the effect of the petition on the right of this Court to assume jurisdiction in this case. The removal petition in detail traverses the allegations of the petition. It is sworn to. Then in defendant's brief we find this paragraph: "In the petition for removal the corporate defendant denied under oath that defendants provided the scaffold board and plaintiff did not traverse that statement under oath." The corporate defendant's denial, set forth in the removal petition, of the allegations of plaintiff's petition can serve no purpose on the present issue. We shall not in this Court, for the purpose of determining jurisdiction, try the merits of a cause of action, as set forth in plaintiff's petition, good upon its face. Under the record in this case we would have no right to do so. See Southern R. v. W. L. Lloyd, 239 U.S. 496, 36 S.Ct. 210, 60 L.Ed. 402.

■ For the foregoing reasons it is our conclusion that this Court is without jurisdiction in this cause.

### Order.

The Court finds that this cause was improperly removed from the Circuit Court of the City of St. Louis, State of Missouri, and it is ordered that the same be remanded to the State Court from which it came.